## Fidelity Deposit Bank of Derry v. Stewart

*Scales, Loughran & Shaw,* for plaintiff.
*John S. Lightcap,* for defendant.

LAIRD, J., June 18, 1943.—This matter comes before the court on the petition of Fidelity Deposit Bank of Derry, plaintiff within named, joined in by the administrator of the estate of C. C. Stewart, deceased, and by Fred J. Broad, Sheriff of Westmoreland County. The matter is in the nature of a petition for a declaratory judgment in which the court is asked to direct the manner of distribution of the fund now in the hands of the sheriff, arising from the sale of real estate belonging to C. C. Stewart, deceased.

On April 28, 1937, the Peoples National Bank of Latrobe, then in the hands of a receiver, had among its assets a note given to the said bank by J. Howard Stewart and C. C. Stewart, the said J. Howard Stewart being, as we understand, the original or real debtor, and C. C. Stewart being merely surety thereon. The receiver of the bank having insisted that the note be paid, the money was raised by C. C. Stewart, who paid the Peoples National Bank of Latrobe the debt and interest of the obligation and took an assignment thereof to himself; the note being entered in this court at no. 225, May term, 1932, and revived at no. 2, May term, 1937, judgment being entered April 28, 1937, for $5656.30.

On July 14, 1941, the Fidelity Deposit Bank of Derry loaned to C. C. Stewart $2,000, taking his judgment note as security for the same, the said note having been entered in this court on August 18, 1941, at no. 414, August term, 1941, D. S. B.

Subsequent to the death of C. C. Stewart on August 31, 1941, the Fidelity Deposit Bank, having brought Clarence W. Stewart, administrator of the estate of C. C. Stewart, on the record as defendant, issued a writ of fieri facias at no. 50, February term, 1943, and directed the sheriff to levy upon certain real estate belonging to the said C. C. Stewart, situate in the Borough of Derry. The fund now in the hands of the sheriff is derived from the sale of that real estate of C. C. Stewart, deceased.

While there is no dispute as to the facts in this case, it is contended by the administrator of the estate of C. C. Stewart that the fund now for distribution should be applied to the judgment of the Peoples National Bank of Latrobe, now for use of C. C. Stewart, mentioned above, that judgment being alleged to be a first lien on the real estate of C. C. Stewart so sold by the sheriff.

Admittedly the judgment against J. Howard Stewart and C. C. Stewart held by the Peoples National Bank of Latrobe is the oldest judgment or lien of record and ordinarily would have priority over any subsequent judgments, but we are constrained to believe that, so far as C. C. Stewart or his property is concerned, the judgment was paid at the time Mr. Stewart took an assignment of it from the Peoples National Bank of Latrobe. Although it may yet remain as a lien against the real estate of J. Howard Stewart, we cannot conceive of it remaining a lien against the real estate of C. C. Stewart.

It is rather difficult to understand how one person can be both creditor and debtor. The general rule, as stated in 30 Am. Jur. 892, §136, is "that the assignment of a judgment to or for the benefit of the judgment debtor satisfies the judgment, for the reason that two antagonistic rights of creditor and debtor merge in one and the same person."

Had C. C. Stewart in his lifetime sold one of his properties after the judgment of the Peoples National Bank had been assigned to him, then clearly the property in the hands of Stewart's grantee would not have been subject to the lien of the judgment.

We believe that the reasoning in the case of Koons v. Hartman, 7 Watts 20, applies to the instant case. The facts in that case were as follows: A judgment creditor acquired from a judgment debtor certain land and then made a conveyance of it. The court held that the judgment creditor from the moment he became the owner of the land held it free from the lien of his judgment and that the judgment was not revived by his transfer of the land so as to make it a lien against the property in the hands of his transferee. The court said, at page 24:

"Besides, he [the judgment creditor] must be viewed as having held the land, from the moment he became the owner of it, entirely free from all lien on account

of the judgment; because, being the owner (as it most clearly appears from the evidence) of the judgment, when he bought the land from Snell, the defendant in the judgment, the lien of the judgment thereby became extinct through operation of law; there being no agreement made, or intention manifested at the time, to continue it for any purpose whatever. And, indeed, having become the absolute owner of the land, and being so also of the judgment, at the same time, it is not very easy to conceive why the lien should have continued to exist longer; because it would be idle, if not perfectly absurd and ridiculous, for a creditor to wish that his own property should be bound for the payment of a debt owing to himself; it is even difficult, if not impossible, to conceive how this could be. The lien of the judgment, then, having thus become extinct, it cannot be imagined that the subsequent transfer of either the judgment or the land should revive it again, so as to affect the purchaser of the latter."

We are, therefore, of opinion that the lien of the judgment entered at no. 2, May term, 1937, in favor of the Peoples National Bank of Latrobe, now for use of C. C. Stewart, was not a lien upon the real estate of C. C. Stewart at the time of its sale by the sheriff on an execution issued on the judgment of the Fidelity Deposit Bank of Derry against C. C. Stewart, and, therefore, that the fund now in the hands of the sheriff should be distributed to the judgment of the Fidelity Deposit Bank of Derry against C. C. Stewart entered at no. 122, November term, 1942.

We, therefore, enter the following decree:

And now, to wit, June 18, 1943, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the judgment entered at no. 2, May term, 1937, in favor of the Peoples National Bank of Latrobe, now for use of C. C. Stewart, was not a lien upon the real estate of C. C. Stewart at the time

of its sale by the sheriff on an execution issued on the judgment of the Fidelity Deposit Bank of Derry against C. C. Stewart, and that the fund now in the hands of the sheriff be and the same hereby is distributed to the judgment of the Fidelity Deposit Bank of Derry against C. C. Stewart, entered at no. 122, November term, 1942.